T.C. Memo. 2007-355


UNITED STATES TAX COURT


WILLIAM AND CATHY A. BENNETT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22010-05.            Filed December 3, 2007.


<u>Jeffrey D. Moffatt</u>, for petitioners.

<u>Valerie L. Makarewicz</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency of $1,620 in petitioner William Bennett's 2002 self-employment taxes.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

All references to petitioner in the singular are to petitioner William Bennett.

The issue for decision is whether petitioner timely filed a proper ministerial exemption under section 1402(e) from self-employment taxes on net income petitioner received in 2002 as a minister.

## Background

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioners resided in Lake Hughes, California.

On June 1, 1996, petitioner was commissioned and licensed as a senior pastor of the Neenach Bible Church.

Regarding petitioners' 1997 through 2002 Federal income tax returns and self-employment tax liabilities, reflected in the table below are the dates on which petitioners' joint Federal income tax returns were filed, the net income petitioner received each year as a minister of the Neenach Bible Church, and the self-employment taxes petitioner reported and paid in relation thereto. Also reflected in the table below are whether petitioner, with each Federal income tax return, filed a Form 4361, Application for Exemption From Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners, or a letter to respondent in lieu of a Form 4361, and whether the Form 4361 or the letter included statements

certifying that petitioner was opposed to acceptance of public retirement insurance such as Social Security and that petitioner had informed the Neenach Bible Church of his opposition to such public retirement insurance. Lastly, reflected in the table below is an indication of whether respondent acted on petitioner's Form 4361 or letter.

| | Petitioners' Filed Tax Returns | | | Related | | Included Statements | | |
| | Filing | Ministerial | SE Taxes | | | Opposing | Informing | Respondent's |
| Year | Date | Income | Paid | 4361 | Letter | Insurance | Church | Action |
|------|--------|-------------|----------|------|--------|-----------|-----------|--------------|
| 1997 | 6/12/2000 | [1]>$400 | -0- | Yes | No | Yes | Yes | Not processed |
| 1998 | 4/15/1999 | 15,263 | $4,191 | No | Yes | No | No | Not processed |
| 1999 | 4/15/2000 | 14,400 | -0- | Yes | Yes | Yes | Yes | Not processed |
| 2000 | Not filed | – | – | – | – | – | – | – |
| 2001 | 4/15/2002 | 10,727 | -0- | Yes | Yes | Yes | Yes | Not processed |
| 2002 | 4/15/2003 | 10,461 | -0- | Yes | No | Yes | Yes | Denied as untimely[2] |

[1] Although there is some confusion as to the precise amount of ministerial income reported on petitioners' 1997 joint Federal income tax return, the parties stipulated that petitioner in 1997 received as a minister net self-employment income of $400 or more.

[2] While it does not affect our decision, it is unclear why respondent did not process petitioner's Forms 4361 or letters for 1997, 1998, 1999, and 2001.

As reflected in the table above:

> (1) In 1997, 1998, 1999, 2001, and 2002, petitioner received net ministerial income of $400 or more, and for 1998 petitioner reported and paid self-employment taxes thereon;
>
> (2) petitioners' 1997 joint Federal income tax return and the related Form 4361 were not filed until June 12, 2000;
>
> (3) the letter petitioner filed with petitioners' 1998 joint Federal income tax return on April 15, 1999, did

not include statements certifying that petitioner was opposed to the acceptance of public retirement insurance and that petitioner had informed the Neenach Bible Church of his opposition thereto; and

(4) with the filing of petitioners' 2002 joint Federal income tax return, petitioner did not report or pay any self-employment taxes on the $10,461 ministerial income he received in 2002.

On August 27, 2003, respondent mailed to petitioners a letter relating to petitioners' 2002 Federal income tax return, stating that the due date for petitioner to timely file a Form 4361 had been April 15, 2001, that the Form 4361 petitioner filed with his 2002 tax return was therefore untimely, and that petitioner's request for a ministerial exemption from self-employment taxes was not approved.

On October 13, 2005, respondent mailed to petitioners a notice of deficiency relating to petitioners' 2002 joint Federal income taxes in which respondent determined a deficiency of $1,620 based on self-employment taxes allegedly due on petitioner's 2002 net income as a minister.[1]

## Discussion

Income earned by an individual in the performance of services as a nonemployee, ordained, commissioned, and licensed minister of a church is subject to self-employment taxes unless

---

[1] The record herein does not indicate whether respondent determined tax deficiencies against petitioner for self-employment taxes relating to years prior to 2002.

the individual qualifies under section 1402(e) for an exemption therefrom.  See sec. 1402(c)(2)(D), (c)(4), (e).

Section 1402(e) and the related regulations provide specific procedures to be followed by ministers who wish to qualify for exemption from self-employment taxes.

First, a Form 4361 or comparable letter is required to be filed by a minister no later than the due date (including extensions) applicable to the filing of the minister's Federal income tax return for the second year in which the minister receives $400 or more of net self-employment income relating to his or her ministerial duties.  Sec. 1402(e)(3).  The time limitation imposed by section 1402(e)(3) is mandatory and is to be complied with strictly.  Wingo v. Commissioner, 89 T.C. 922, 930 (1987); sec. 1.1402(e)-3A, Income Tax Regs.

Second, a Form 4361 or letter in lieu thereof is to include a statement certifying that the minister is conscientiously or on religious principles opposed to the acceptance of public insurance such as Social Security.  Sec. 1402(e)(1).

Third, a Form 4361 or letter is to include an additional statement certifying that the minister has informed the ordaining, commissioning, or licensing body of the church of which he is a minister that he is opposed to such insurance.  Id.

If a minister timely files and if respondent approves a Form 4361,[2] the approved ministerial exemption will be retroactively effective for the first 2 years for which the minister received ministerial net income from self-employment of $400 or more and will remain effective for all subsequent taxable years. Sec. 1402(e)(4). An approved ministerial exemption is irrevocable.[3] Id.

Respondent may accept from a minister, in lieu of a Form 4361, a letter if the letter is timely filed and if the letter includes the required certification statements. 2 Audit, Internal Revenue Manual (CCH), sec. 4.19.6.3.1(3), at 10,779-749-11.

Petitioner bears the burden of proof to establish that a Form 4361 or letter was timely filed.[4] Rule 142(a); Treadway v. Commissioner, T.C. Memo. 1984-153.

---

[2] A timely filed Form 4361 must be formally approved by respondent through a verification process. Sec. 1402(e)(2); sec. 1.1402(e)-5A(c)(1), Income Tax Regs.

[3] An approved ministerial exemption is irrevocable unless a minister after Dec. 31, 1999, elects to revoke a previously approved ministerial exemption. Ticket to Work and Work Incentives Improvement Act of 1999, Pub. L. 106-170, sec. 403, 113 Stat. 1910.

[4] Petitioners make no argument that petitioners qualify under sec. 7491 for a shift in the burden of proof.

Petitioner claims that in or around 1980 (1980) he first and timely filed with respondent a Form 4361, that it was approved by respondent, that it was irrevocable, and therefore that petitioner is entitled to exemption from self-employment taxes on his net ministerial income received in 2002.[5]

Alternatively, petitioner claims that even if respondent never received the Form 4361 petitioner allegedly filed with respondent in 1980, because respondent indicated in his August 27, 2003, letter to petitioner an April 15, 2001, due date for petitioner to timely file a Form 4361, respondent should be held to that date, and the Form 4361 and letter that petitioner filed on April 15, 2000, with his 1999 joint Federal income tax return should have been treated as timely, should have been approved by respondent, and should be effective to exempt petitioner's 2002 net ministerial income from self-employment taxes.

Respondent disputes that petitioner in 1980 filed a Form 4361 and that respondent ever has approved any Form 4361 filed by petitioner. Further, respondent claims that because petitioner's ministerial income in both 1997 and 1998 exceeded $400, April 15, 1999, was the due date for petitioner timely to file a proper Form 4361 and that because petitioner by that date did not file a

---

[5] We note that the record contains no evidence that petitioner in 1980 received ministerial income.

timely Form 4361 or equivalent letter with the required certification statements, petitioner's 2002 net income as a minister does not qualify for exemption from self-employment taxes.

The record before us does not establish that petitioner in 1980 filed a Form 4361. Petitioner's evidence and testimony are inconsistent as to petitioner's alleged 1980 filing of a Form 4361. Petitioner produced no documentation to corroborate that in 1980 he filed a Form 4361.

Respondent searched relevant files in respondent's Ministerial Unit in respondent's Philadelphia Service Center, which processes all Forms 4361 filed with respondent and which maintains individual folders containing Forms 4361 relating to petitioner and to other ministers. The folder relating to petitioner does not contain any Form 4361 filed by petitioner in 1980. Respondent also conducted a search of his other files and archives for petitioner's allegedly filed Form 4361, but respondent's search yielded no Form 4361 filed by petitioner in 1980.

Petitioner relies on evidence from the Social Security Administration (SSA) indicating that petitioner contributed to Social Security and paid employment taxes for every year since 1973, except for 1980, 1981, 1982, 1989, 1997, 2001, 2002, and 2005. Petitioner alleges that the fact that he failed to pay

employment taxes in some years proves that petitioner in 1980 must have received an approved ministerial exemption. However, petitioner's failure to pay employment taxes in some years could be attributed to a number of reasons (e.g., unemployment).

The fact that petitioner for 1998 actually reported and paid self-employment taxes of $4,191 on his ministerial income cuts against petitioner's claim that petitioner himself believed that in 1980 he had filed a Form 4361 that was approved by respondent and that he understood he was exempt from self-employment taxes on his ministerial income for all later years.

Further, after approving or disapproving a Form 4361, respondent is to submit to the SSA a copy of the approved or disapproved Form 4361, and there is in evidence a Certificate of Lack of Record from the SSA indicating that the SSA has no record of any Form 4361 filed by petitioner in 1980.

Petitioner argues incorrectly that petitioner's due date for filing a Form 4361 was April 15, 2001, not April 15, 1999. Petitioner's argument is based on respondent's August 27, 2003, letter disapproving petitioner's filed Form 4361 for 2002, and stating incorrectly that the deadline for petitioner to file a Form 4361 had been the due date for petitioner's 2000 Federal income tax return (i.e., April 15, 2001). While it is unclear why respondent's August 27, 2003, letter provided an incorrect due date, it is clear from the record and it has been stipulated

by the parties that in 1997 and 1998 petitioner received as a minister net self-employment income of $400 or more. Accordingly, respondent's position is correct that April 15, 1999, the due date for petitioners' 1998 Federal income tax return (1998 being the second year in which petitioner received net ministerial income of $400 or more) was the due date for petitioner timely to file a proper Form 4361 or letter.

Petitioner has failed to establish that petitioner on or before April 15, 1999, filed with respondent a proper Form 4361 or letter, and we discern no basis for holding respondent to the April 15, 2001, due date incorrectly set forth in respondent's August 27, 2003, letter relating to a later year (i.e., to 2002).

As stated, with regard to 1980, the record before us does not establish that petitioner in 1980 filed a Form 4361 or letter with respondent.

The Forms 4361 and letters relating to petitioners' 1997, 1998, 1999, 2001, and 2002 tax returns were all either untimely filed after the April 15, 1999, due date or did not include the required certification statements and therefore properly were not approved by respondent.[6]

---

[6] Because respondent did not process petitioner's Forms 4361 or letters relating to petitioners' 1997, 1998, 1999, and 2001 Federal income tax returns, these Forms 4361 and letters were effectively not approved by respondent.

Petitioner possesses several additional copies of different Forms 4361 prepared and signed by petitioner and dated prior to April 15, 1999, but petitioner has produced no evidence that these Forms 4361 were ever properly addressed, stamped, mailed, and filed by petitioner with respondent prior to April 15, 1999.

Because petitioner has failed to establish that he ever timely filed a proper Form 4361 or letter to qualify for a ministerial exemption from self-employment taxes, we conclude that petitioner's 2002 net income as a minister is not exempt from self-employment taxes.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.